JUDGE HARDIN
delivered the opinion oe the court.
This was a suit in equity instituted by White against the Jeffersonville Railroad Company for the alleged conversion of a lot of articles called “factory findings,” stated in the petition to have been purchased by A. T. Julian, as the agent of the plaintiff, in August, 1862, at Leicester, Massachusetts, of J. & J. Murdock, manufacturers of machine card clothing, for the sum of $ 810.35, which were packed in thirteen boxes; and, as is alleged by the *253 plaintiff, wore directed to said A. T. Julian, Nashville, Tenn., care of Nock, Wicks & Co., Louisville, Ely.; and, being forwarded, were received by the defendant, to be by it delivered to said Nock, Wicks & Co., at Louisville. And that said Jeffersonville Railroad Company received and undertook to convey and deliver said goods as a common carrier; but, disregarding its undertaking and duty as such, failed and neglected to deliver the goods to Nock, Wicks & Co., and without authority and wrongfully delivered them to other persons, whereby they were lost. And that, though said goods cost when purchased in the state of Massachusetts $810.35, they were at the time and place of the alleged conversion worth not less than $1,500.
The railroad company filed an answer controverting the plaintiffs’ ownership of the goods, and alleging that “■thirteen boxes marked and belonging to A. T. Julian, to the care of A. Hamilton & Co., Nashville, were shipped on their road some time in the summer of 1862, to be transported to Louisville, and thence forwarded to Nashville; that defendants had no knowledge or information sufficient to form a belief whether said boxes were shipped to care of Nock, Wicks & Co., Louisville, or not. They state that when said goods arrived in Louisville they could not, in consequence of military orders and treasury regulations, be shipped to Nashville, and defendants stored the same with Morehead & Co., of Louisville, commission merchants, to be by them forwarded to the consignee at Nashville as soon as it could be done. While said goods were in the custody of Morehead & Co., said A. T. Julian died, and his brother, M. L. Julian, by letter of the 2d of June, 1863, applied to said Morehead & Co. to ship said goods to him at St. Louis. Said Morehead & Co. wrote to said A. Hamilton & Co. for instructions, and were by said Hamilton & Co., by letter of June 8, 1863, instructed that *254 any disposition wbicb said M. L. Julian might make of said boxes would be all right; and that, in pursuance of said instructions, said thirteen boxes were consigned to said M. L. Julian.”
The answer admits that said thirteen boxes “are the same thirteen boxes sued for by plaintiff.” The answer exhibits the letter of M. L. Julian to Morehead & Co., dated at St. Louis June 2, 1863, requesting the boxes, to be sent to him; also the letter of Morehead & Co. to A. Hamilton & Co., inquiring if it would “be all right” to do so; and the answer of Hamilton & Co., dated at Nashville June 8, 1863, saying: “We are in receipt of your favor of the 6th inst. Any disposition that Mr. Julian may make with you respecting the goods you have belonging to the late A. T. Julian will be all right.”
Afterward the plaintiff filed an amended petition, making Morehead & Co. defendants, and alleging that they as well as the railroad company were responsible for the goods. And to that amended petition the railroad company filed an answer which is made a cross-petition against Morehead & Co., and alleges that the goods were delivered to them as warehousemen, and that if they delivered the goods to persons not entitled to them, and thus rendered' the company responsible to the plaintiff, it seeks a judgment over against Morehead & Co.
Morehead & Co. answered the amended petition and the cross-petition, denying that the goods belonged to the plaintiff, and denying that they converted the property by a wrongful or unauthorized delivery of it, and alleged that said boxes were marked “A. T. Julian, to the care of Hamilton & Co., Nashville, Tenn.;” and were stored with them, to be forwarded by them to said Hamilton & Co., at Nashville, as soon as it could be done; and in consequence of military restrictions they could not so forward the goods *255 till A. T. Julian died, and his brother, M. L. Julian, applied to have the goods sent to him at St. Louis, which, under the instructions of Hamilton & Co., they did.
The court rendered a judgment in favor of White against the railroad company for $810.35, with interest from October 1, 1862; and dismissed the petition as to Morehead & Co. with costs; and also the cross-petition of said company against Morehead & Co. with costs; and from that judgment the railroad company has appealed as against White, and White has appealed as against More-head & Co., and the railroad company has also appealed as against Morehead & Co.
It is conceded for White that if his judgment is sustained against the railroad company, the judgment dismissing his action against' Morehead & Co. should be affirmed; and as between the railroad company and More-head & Co., it is plain that the latter were not responsible to the former unless the former were made liable to White in consequence of the wrongful conversion of the goods by Morehead & Co.
The three appeals therefore logically involve but two questions: 1. Hid the railroad company render itself liable for a conversion of the goods by its failure to deliver them to Nock, Wicks & Co. ? 2. Whether they were so rendered responsible or not, was the delivery of the goods by More-head & Co. to M. L. Julian, on the order of A. Hamilton & Co., after the death of A. T. Julian, such an authorized disposition of the goods as would protect Morehead & Co. from responsibility as for a conversion of the goods?
The first question depends, we think, mainly on the existence of the fact that the boxes wrere marked to the care of Nock, Wicks & Co.; and as to this there is some contrariety of evidence. Murdock, one of the manufacturers who sold the goods, testifies that the boxes were all *256 forwarded, marked “A. T. Julian, Nashville, Tenn., care of Nock, Wicks & Co., Louisville, Ky.a private mark of White being also on three of the boxes, thus, “ G-. O. W.;” and that the boxes Avere not marked to the care of Hamilton & Co. when they left his possession: and with his deposition is exhibited a copy of the bills of the goods, Avith the direction of the boxes indorsed upon them, corresponding with his statements. His testimony is also corroborated by the original invoices of the goods; and from the testimony of one of the firm of Nock, Wicks & Co., they were advised by Murdock, about the time the goods were forwarded, that the goods were shipped to their care. Although the testimony of another witness, who does not appear to have had the aid of written memoranda to refresh his recollection, is not consistent with that of Murdock, we are of the opinion that the conclusion was authorized by a preponderance of the evidence that the goods were shipped to the care of Nock, Wicks & Co., and the undertaking of the l’ailroad company required it to deliver the goods to them, or to hold them subject to their order.
The goods appear to have belonged to White, and it seems to ns the sum adjudged to him is not larger than the evidence authorized; nor did the court err in allowing interest thereon.
But on the question as to the liability of Morehead & Co. avc do not concur in the conclusion of the chancellor. Assuming, as xve must from the original answer of the railroad company, that the goods were stored with Morehead & Co., with authority to forward them to the care of Hamilton & Co. at Nashville for A. T. Julian, and as his property, and even conceding that the boxes Avere so marked as to authorize this when they were received by Morehead & Co., these facts did not, in our opinion, *257 give to Hamilton & Co. such general power and control over tbe property as would protect Morehead & Co. in changing the destination of the goods, and consigning or delivering them to another person not appearing to be the owner, on the mere order of Hamilton & Co., given after the death of A. T. Julian.
It seems to us that the letter of Hamilton & Co. did not authorize the delivery of the goods to M. L. Julian, and such delivery was therefore a conversion of the goods for which the railroad company was entitled to recover on being made responsible for a conversion of the goods itself in placing them in the hands of Morehead & Co. And from the evidence we think the amount of the judgment against the railroad company should have been adjudged to it on the cross-petition.
Wherefore the judgment in favor of White against the railroad company is affirmed, and so much of the judgment as dismisses White’s petition against Morehead & Co. is also affirmed; but as between the railroad company and Morehead & Co. the judgment is reversed, and the cause remanded with directions to rendera judgment in conformity to this opinion.
SUPPLEMENTAL OPINION.
JUDGE ROBERTSON delivered the following supplemental adhering OPINION OF THE COURT ON A RECONSIDERATION OP THE FOREGOING:
On reconsideration of the foregoing opinion, so far as it concerns Morehead & Co., we adhere to it for the following additional reasons:
When goods are to be delivered to the care of one person for another as owner, the latter is the consignee. A. T. Julian, as ostensible and recognized owner, was therefore the consignee and only consignee in this ease. Hamilton & Co. were to be mere warehousemen only. .In *258 that character they before delivery to them had no interest in or power over them. They were not even presumed to have known of the consignment to their care. Had the goods been delivered to them their only authority would have been that of curation and delivery to the consignee or his order; any other disposition of them would have been a wrongful conversion. And even their contingent and prospective agency ceased on the death of the consignee. They neither made nor assumed any authority to make any disposition of them; and Hamilton’s testimony shows that his firm did not know that the consignment had been to its care, and that, in answering the inquiry whether a delivery to M. L. Julian would be proper, air opinion only and not an instruction was given that it would be all right. But, for want of authority, even an order to make such delivery would have been void. This Morehead & Co. ought to have known; and they certainly knew that A. T. Julian was dead; and in delivering the goods to a stranger they took the risk, and must be responsible, as they have failed to show that M. L. Jalian had any authority to receive the goods, or ever accounted .for them to the owner.
Consequently the former opinion must stand.
[The following case was decided and the opinion delivered April 23,1869, but in consequence of its suspension by a petition for a rehearing its publication has been postponed to the present time. — Reporter.]